UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| ROGER EARL MCCURRY, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 4:20-cv-21, 4:16-cr-18 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA | ) | Magistrate Judge Susan K. Lee |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:20-cv-21; Doc. 31 in Case No. 4:16-cr-18). Also before the Court are Petitioner's motion to appoint counsel (Doc. 2 in Case No. 4:20-cv-21) and his motion for evidentiary hearing (Doc. 3 in Case No. 4:20-cv-21). For the reasons set forth below, each of the motions will be **DENIED**.

Petitioner has also filed a motion to reply to the Government's response (Doc. 37 in Case No. 4:16-cr-18). The Court construes this motion as a motion for an extension of time to file a reply, which the Court will **GRANT**. Thus, the Court will consider the reply in its analysis of Petitioner's § 2255 motion.

### I. BACKGROUND

On October 2, 2017, Petitioner was sentenced to 172 months' imprisonment based on his conviction for possession with intent to distribute five grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Doc. 27) Petitioner was sentenced as a career offender based on the following prior convictions: a 2002 Tennessee

conviction for manufacture of a schedule II controlled substance; two 2003 Tennessee convictions for manufacture of a schedule II controlled substance; one 2003 Tennessee conviction for possession of a schedule II controlled substance with intent to sell/deliver; one 2004 Tennessee conviction for manufacture of a schedule II controlled substance; and one 2009 Tennessee conviction for manufacture of .5 grams or more of methamphetamine. (Doc. 23, at 7–11.) Petitioner did not appeal his conviction or sentence.

On May 26, 2020, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:20-cv-21; Doc. 31 in Case No. 4:16-cr-18), as well as his motion to appoint counsel (Doc. 2 in Case No. 4:20-cv-21) and his motion for evidentiary hearing (Doc. 3 in Case No. 4:20-cv-21). In support of his § 2255 motion, Petitioner argues that (1) his prior convictions for manufacture of a controlled substance no longer count as career-offender predicates in light of the Sixth Circuit's decision in *United States v Havis*, 927 F.3d 382 (6th Cir. 2019), and (2) he pled guilty "unknowingly and unintelligently" because he did not know that his prior offenses would be counted as career-offender predicates. (*See* Doc. 1-2 in Case No. 4:20-cv-21; Doc. 32 in Case No. 4:16-cr-18.) The Government has responded in opposition to Petitioner's § 2255 motion, which is now ripe for review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the

events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. 28 U.S.C. § 2255 MOTION

Petitioner's § 2255 motion fails because his claims are untimely, procedurally defaulted, and meritless.

#### A. Timeliness

Petitioner's motion is untimely under § 2255(f)(1) because he did not file the motion within one year of the date the judgment became final. Further, Plaintiff does not assert that his motion is timely under any other basis listed in § 2255(f), and the Court does not see any other basis for finding that the motion is timely. Petitioner has also not demonstrated that he is entitled to equitable tolling of the statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that some extraordinary circumstance prevented the timely filing of the present motion or that he has been diligently pursuing his rights. Accordingly, Petitioner is not entitled to equitable tolling, and his § 2255 motion will be dismissed as untimely.

### B. Procedural Default

Petitioner's claims are procedurally defaulted because he did not raise them on direct appeal. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner argues that his claims for relief are not procedurally defaulted, because the law supporting them was not available at the time of his direct appeal. (*See* Doc 1, at 10, in Case No. 1:20-cv-236.) However, even supposing Petitioner could show cause for failing to raise these arguments earlier, he was not prejudiced by that failure, because, as discussed below, his claims fail as a matter of law.

"Actual innocence" may excuse procedural default of a claim raised in a § 2255 petition. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). "Actual innocence" sufficient to excuse procedural default "means factual innocence, not mere legal insufficiency." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotation marks omitted). In the Sixth Circuit, the actual-innocence exception "does not permit prisoners to raise claims about guidelines calculations in a collateral attack." *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011). Thus, the procedural default is not excused by his assertion that he should not have been sentenced as a career offender.

### C. Merits

#### i. Havis *Challenge*

Petitioner's claims cannot withstand consideration on the merits. First, the Sixth Circuit has held that a petitioner challenging a career-offender designation is not entitled to § 2255 relief

when he "does not allege that he is innocent of the charged offense or the underlying predicate offenses" and "does not rely on any constitutionally prohibited factors." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) ("[Petitioner] was sentenced under an advisory guidelines scheme, and the district court applied the 18 U.S.C. § 3553(a) factors at sentencing. Although the career designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself." (citations, alternations, and internal quotation marks omitted)). Here, Petitioner does not allege that he is innocent of any of the underlying offenses nor does he raise any constitutional issues with his sentence. Instead, Petitioner argues that subsequent case law has changed the interpretation of the guidelines, but such changes cannot support a motion to vacate, set aside, or correct a sentence under § 2255.

Second, *Havis* does not apply retroactively on collateral review, *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019), and, even if it did, *Havis* did not affect Petitioner's manufacture-of-a-controlled-substance convictions. Accordingly, Petitioner is not entitled to the relief he seeks.

### ii. *Challenge to Plea*

Petitioner also argues that he entered his guilty plea unknowingly and unintelligently. (Doc. 1-2, at 3–4, in Case No. 4:20-cv-21.) Petitioner argues that the parties "did not understand the qualifying [and] non-qualifying elements of [his] prior Tennessee convictions," and thus "the plea agreement is in violation of the federal constitution." (*Id.* (citing *Bousely* for the proposition that a plea is invalid if the accused, his counsel, and the Court did not correctly understand the essential elements of the crime charged).) But here, Petitioner does not actually argue that he did not understand the essential elements of the crime charged—possession with intent to distribute five grams or more of methamphetamine. He only argues that he did not understand how his

prior convictions would affect his guidelines range. Such does not render his plea involuntary or unintelligent. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." *Brady v. United States*, 397 U.S. 742, 757 (1970). "[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* (citations omitted).

## IV. MOTION TO APPOINT COUNSEL

While the Court has discretion to appoint counsel when the interests of justice so require under 18 U.S.C. § 3006A, the Court sees no reason to appoint counsel in this case. As described above, Petitioner's § 2255 motion is untimely, procedurally defaulted, and meritless and will be denied. Accordingly, the motion to appoint counsel (Doc. 2 in Case No. 4:20-cv-21) is **DENIED**.

## V. MOTION FOR EVIDENTIARY HEARING

The record before the Court conclusively shows that Petitioner is not entitled to relief. Therefore, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Accordingly, Petitioner's motion for evidentiary hearing (Doc. 3 in Case No. 4:20-cv-21) will be **DENIED**.

## VI. CONCLUSION

For the reasons stated above:

1. Petitioner's § 2255 motion (Doc. 1 in Case No. 4:20-cv-21; Doc. 31 in Case No. 4:16-cr-18) is **DENIED**;

2. Petitioner's motion to appoint counsel (Doc. 2 in Case No. 4:20-cv-21) is **DENIED**;

3. Petitioner's motion for evidentiary hearing (Doc. 3 in Case No. 4:20-cv-21) is **DENIED**;

4. Petitioner's motion to reply (Doc. 37 in Case No. 4:16-cr-18) is **GRANTED**; and

5. This action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

>*/s/ Travis R. McDonough*
>**TRAVIS R. MCDONOUGH**
>**UNITED STATES DISTRICT JUDGE**